| UNITED STATES DISTRICT COURT | EASTERN DISTRICT OF TEXAS |

| | |
|---|---|
| EVANSTON INSURANCE COMPANY, § | |
| § | |
| Plaintiff, § | |
| § | |
| versus § | CIVIL ACTION NO. 1:09-CV-909 |
| § | |
| NATIONAL UNION FIRE INSURANCE § | |
| COMPANY OF PITTSBURGH, PA., § | |
| § | |
| Defendant. § | |

**MEMORANDUM AND ORDER**

Pending before the court is Defendant National Union Fire Insurance Company of Pittsburgh, Pa.'s ("National Union") Motion for Reconsideration (#12). National Union requests that the court reconsider the ruling in its Memorandum and Order (#11) dated April 5, 2010, in which the court denied National Union's motion to dismiss as to Plaintiff Evanston Insurance Company's ("Evanston") contribution and unjust enrichment claims. Having reviewed the pending motion, the submissions of the parties, the pleadings, and the applicable law, the court is of the opinion that the motion should denied.

I. Background

As explained in the court's Memorandum and Order dated April 5, 2010, this lawsuit arises out of an insurance coverage dispute between two commercial umbrella liability insurers. Following a wrongful death suit that arose as a result of an incident at the ATOFINA refinery in Port Arthur, Texas, ATOFINA sought insurance coverage from excess carriers, Evanston and National Union. Evanston and National Union denied the claim, and ATOFINA named both parties as third-party defendants in a state court lawsuit seeking a declaration of coverage.

ATOFINA later severed its suit against Evanston from the remainder of the litigation, and both ATOFINA and Evanston moved for partial summary judgment. While the motions were pending, ATOFINA settled the wrongful death suit for $6.75 million and continued to seek recovery from Evanston of the remaining $5.75 million not covered by its general liability carrier.

The trial court granted summary judgment in favor of Evanston. On April 10, 2003, the Court of Appeals reversed the judgment, holding that the Evanston policy covered ATOFINA's claim, and remanded the case to the trial court for entry of judgment, for determination of statutory penalties and attorney's fees, and for further proceedings consistent with the opinion. *Atofina Petrochemicals, Inc. v. Evanston Ins. Co.*, 104 S.W.3d 247, 251-52 (Tex. App.—Beaumont 2003). The Texas Supreme Court granted review, and in an opinion dated May 5, 2006, the Court reversed the Court of Appeals' judgment in favor of ATOFINA. *Evanston Ins. Co. v. Atofina Petrochemicals, Inc.*, No. 03-0647, 2006 WL 1195330 (Tex. May 5, 2006). The Court granted rehearing on October 27, 2006, and the opinion was subsequently withdrawn. *Evanston Ins. Co. v. Atofina Petrochemicals, Inc.*, No. 03-0647, 2008 WL 400394 (Tex. Feb. 15, 2008). In a decision dated June 13, 2008, the Texas Supreme Court affirmed the finding that Evanston was bound to pay the $5.75 million settlement amount; however, it reversed the Court of Appeals' judgment permitting ATOFINA to recover attorney's fees and damages. The Court remanded the case to the trial court "for further proceedings on ATOFINA's other claims for attorney's fees, on its claim its claim for prejudgment interest, and for rendition of judgment consistent with this opinion." *Evanston Ins. Co. v. Atofina Petrochemicals, Inc.*, 256 S.W.3d 660, 675 (Tex. 2008). According to Evanston, it paid the $5.75 million judgment amount in 2008.

On October 15, 2009, Evanston filed its Original Complaint in this court, asserting that National Union is obligated to contribute to the judgment under the theories of equitable contribution, contractual and equitable subrogation, *quantum meruit*, and unjust enrichment. On November 9, 2009, National Union filed a motion to dismiss, arguing that Evanston's claims are time-barred by statutes of limitation. The court granted National Union's motion as to Evanston's subrogation and *quantum meruit* claims and denied it as to the contribution and unjust enrichment claims on April 5, 2010.

On April 14, 2010, National Union filed the instant motion for reconsideration, contending that its motion to dismiss "should have yielded an all-or-nothing result." National Union asserts that Evanston's contribution claim is also time-barred because Evanston's liability became fixed and certain in 2003, when the Texas Court of Appeals ruled that ATOFINA was entitled to coverage for the underlying settlement. Similarly, National Union maintains that Evanston's unjust enrichment claim is barred by limitations because Evanston was ordered to pay the $5.75 million judgment on April 10, 2003.

II. Analysis

A motion for reconsideration challenging prior judgments on the merits may be treated as a motion "to alter or amend" under Rule 59(e) if filed within ten days of judgment. *See Edward H. Bohlin Co. v. Banning Co.*, 6 F.3d 350, 353 (5th Cir. 1993); *Lavespere v. Niagara Mach. & Tool Works, Inc.*, 910 F.2d 167, 173 (5th Cir. 1990). A motion for reconsideration calls into question the correctness of a judgment and is permitted only in narrow situations, primarily "to correct manifest errors of law or fact or to present newly discovered evidence." *Templet v. Hydrochem, Inc.*, 367 F.3d 473, 479 (5th Cir. 2004) (quoting *Waltman v. International Paper*

*Co.*, 875 F.2d 468, 473 (5th Cir. 1989)); *see also Schiller v. Physicians Res. Grp. Inc.*, 342 F.3d 563, 567 (5th Cir. 2003); *In re Transtexas Gas Corp.*, 303 F.3d 571, 581 (5th Cir. 2002). The Fifth Circuit has noted that "such a motion is not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before entry of judgment." *Templet*, 367 F.3d at 478, 479. To prevail on a motion to alter or amend a judgment under Rule 59(e), therefore, the moving party must clearly establish at least one of three factors: (1) an intervening change in controlling law; (2) the availability of new evidence not previously available; or (3) a manifest error of law or fact. *See Schiller*, 342 F.3d at 567. A district court has considerable discretion to grant or deny a motion under Rule 59(e); however, "such discretion is not limitless." *Templet*, 367 F.3d at 479; *see Livingston Downs Racing Ass'n, Inc. v. Jefferson Downs Corp.*, 259 F. Supp. 2d 471, 475 (M.D. La. 2002). The reconsideration of a judgment is an "extraordinary remedy" that is used "sparingly." *Templet*, 367 F.3d at 479; *see Baldwin v. Layton*, 300 F. App'x 321, 323 (5th Cir. 2008). When considering a motion to alter or amend judgment, "[t]he court must strike the proper balance between two competing imperatives: 1) finality, and 2) the need to render just decisions on the basis of all the facts." *Edward H. Bohlin Co.*, 6 F.3d at 355; *accord Templet*, 367 F.3d at 479.

Here, National Union's motion for reconsideration revisits the dispute between the parties as to the point in time at which Evanston's claims for contribution and unjust enrichment accrued—when the Texas Court of Appeals held that Evanston was obligated to provide coverage for the underlying settlement or when Evanston paid the settlement amount. Just as National Union argued in its original motion to dismiss, it reasserts that Evanston's claims accrued on April 10, 2003, when the Court of Appeals granted judgment in favor of ATOFINA for recovery of the

4

$5.75 million from Evanston and, thus, the claims for contribution and unjust enrichment should be dismissed as time-barred.

As noted above, a motion for reconsideration "'cannot be used to raise arguments which could, and should, have been made before the judgment issued.'" *Jackson v. Waller Indep. Sch. Dist.*, 625 F. Supp. 2d 357, 363 (S.D. Tex. 2008) (quoting *Schiller*, 342 F.3d at 567). "Motions should not be used to relitigate matters that should have been argued earlier, or that simply were not resolved to the movant's satisfaction." *Weckesser v. Chicago Bridge & Iron*, No. 1:08-CV-357, 2010 WL 1930157, at *1 (S.D. Miss. May 12, 2010) (citing *Mongrue v. Monsanto Co.*, 249 F.3d 422, 427 (5th Cir. 2001); *Simon v. United States*, 891 F.2d 1154, 1159 (5th Cir. 1990)).

On April 5, 2010, the court denied National Union's motion to dismiss after determining that National Union failed to establish that it was evident from the pleadings that Evanston's actions for contribution and unjust enrichment were barred by statutes of limitation.[1] In the instant motion, National Union does not provide new legal authority to support its position or demonstrate a manifest error of law or fact. Rather, Nation Union merely expresses disagreement with the court's decision and reasserts the arguments previously determined to be insufficient to warrant

---

[1] The determination was based on the legal standard upon which a court may dismiss a complaint for failure to state a claim. Foremost, the defendant bears the burden of pleading and proving the affirmative defense of limitations, including the accrual date of the plaintiff's claim. *Continental Cas. Co. v. Dr. Pepper Bottling Co.*, 416 F. Supp. 2d 497, 506 (N.D. Tex. 2006) (citing *Ingersoll-Rand Co. v. Valero Energy Corp.*, 997 S.W.2d 203, 211 (Tex. 1999); *Intermedics, Inc. v. Grady*, 683 S.W.2d 842, 845 (Tex. App.—Houston [1st Dist.] 1984, writ ref'd n.r.e)). A plaintiff's noncompliance with the applicable statute of limitations "'may support dismissal under Rule 12(b)(6) where it is evident from the plaintiff's pleadings that the action is barred and the pleadings fail to raise some basis for tolling or the like.'" *Davis v. Dallas County*, 541 F. Supp. 2d 844, 856 (N.D. Tex. 2008) (quoting *Jones v. Alcoa, Inc.*, 339 F.3d 359, 366 (5th Cir. 2003), *cert. denied*, 540 U.S. 1161 (2004)); *see Nationwide Bi-Weekly Admin., Inc. v. Belo Corp.*, 512 F.3d 137, 141 (5th Cir. 2007); *Taylor v. Books A Million, Inc.*, 296 F.3d 376, 378-79 (5th Cir. 2002), *cert. denied*, 537 U.S. 1200 (2003).

dismissal of Evanston's complaint for failure to state a claim. Accordingly, National Union's motion for reconsideration is without merit.

III. Conclusion

Having considered National Union's motion for reconsideration and the Memorandum and Order dated April 5, 2010, the court finds that the arguments advanced by National Union were previously raised in its motion to dismiss and were rejected by the court on that occasion. Therefore, as a motion for reconsideration is not a vehicle for rehashing legal theories or arguments, the court declines to revisit its decision as to Evanston's contribution and unjust enrichment claims. Moreover, it is within the court's discretion to deny the motion and permit resolution of the case by summary judgment or trial. Accordingly, National Union's motion for reconsideration is DENIED.

SIGNED at Beaumont, Texas, this 19th day of July, 2010.

_____
MARCIA A. CRONE
UNITED STATES DISTRICT JUDGE